**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------X
RAMON LUNA, OLGA HERNANDEZ, JAVIEL
HERNANDEZ, ERNESTO RODRIGUEZ, DIONICIO FRIAS,
SANTA CAROLINA ACOSTA, and MARIA TERESA
VASQUEZ

                            Plaintiffs,

            -against-

SANTIAGO QUEZADA AND
EUROS EL TINA RESTAURANT LOUNGE
AND BILLIARDS CORP., d/b/a EL TINA LOUNGE,
                           Defendants.
------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

Case No.: _____

PLAINTIFF DEMANDS A TRIAL BY JURY

      Plaintiffs, Ramon Luna, Olga Hernandez, Javiel Hernandez, Ernesto Reyes, Dionicio Frias, Santa Carolina Acosta, and Maria Teresa Vasquez, by their attorney, The Rose Law Group, PLLC, upon information and belief, complain as follows:

## NATURE OF THE CASE

1. Plaintiffs, individually and on behalf of all other similarly situated current and former hourly employees of Defendants, brings this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA") and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay wages due and owed for hours employees were required to report to work, ready to perform work and actually performed work duties, and seeks to recover unpaid back wages, unpaid tips, unpaid overtime, an additional amount as liquidated damages, reasonable attorneys' fees and costs.

2. Plaintiffs also claim that they were not provided the proper notices and statements under New York Labor Law §§ 190 *et seq*.

## JURISDICTION AND VENUE

3. Jurisdiction of this action is conferred upon the Court by § 16(b) of the FLSA (29 U.S.C. §216(b)). Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

4. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

5. Venue is proper in this district based upon Defendants' residency within Bronx County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PARTIES

6. That at all times relevant hereto, Plaintiff Ramon Luna, Olga Hernandez, Javiel Hernandez, Ernesto Reyes, Dionicio Frias, Santa Carolina Acosta, and Maria Teresa Vasquez ("Plaintiffs") were employed within New York, New York.

7. Plaintiffs were, during all relevant times, employees of all Defendants.

8. That at all times relevant hereto, Defendant Euros El Tina Restaurant Lounge and billiards Corp. ("El Tina's") was and is a Latin nightclub, billiard and lounge existing pursuant to the laws of the State of New York and authorized to do business within the State of New York.

9. That at all times relevant hereto, Defendant El Tina's does business in the State of New York as a restaurant located at 500 W 207th St, New York, NY 10034.

10. That at all times relevant hereto, Defendant Santiago Quezada ("Quezada") was an owner and manager for Defendant El Tina's.

11. That at all times relevant hereto, Defendant Quezada was Plaintiffs' boss and/or had supervisory authority over Plaintiffs and all other Class Plaintiffs as well as being an owner of Defendant El Tina's.

12. Defendant El Tina and Defendant Quezada are referred to herein as "Defendants."

## THE FLSA CLASS

13. While class certification pursuant to FRCP Rule 23 is not required for an FLSA collective action, defining the class of eligible FLSA Plaintiffs is useful, as the Court will be asked

2

          to order Defendants to produce the names and addresses and other information of potential opt-in Plaintiffs.

14. The class of eligible opt-in Plaintiffs consists of all persons who worked for Defendants as "servers" "bathroom concierge" "bartenders" and "busboys" at any time from three (3) years prior to the filing of this case, to entry of judgment in this case (the "Class" and "Class Period," respectively).

15. Although the precise number of putative class members is unknown, and facts upon which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over twenty (20) members of the Class who worked for Defendants within the Class Period.

16. There are questions of law and fact common to this Class which predominate over any questions solely affecting individual members of the Class, including whether Defendants failed to compensate employees at the minimum wage for time worked; and whether each employee was given the tips to which they were entitled for their work. The wage paid to every worker was only $50.00 to $80.00 per night, not remotely close to the minimum wage required under the FLSA.

17. Plaintiffs' claims are typical of the claims of the Class.  Plaintiffs will fairly and adequately protect the interests of the Class.

18. A collective action is superior to other methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate Defendant.

19. Defendants have acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

20. At all times relevant to this action, Plaintiffs and other Class Plaintiffs were employed by Defendants within the meaning of the FLSA.

21. At all times relevant to this action, Defendants transacted and transact commerce and business in excess of $500,000.00 annually or has revenues in excess of $500,000.00 annually, for all applicable periods in question.

22. At all times relevant to this action, Defendants willfully failed to pay all Plaintiffs and other Class Plaintiffs for time which Class Plaintiffs are required to be at work and ready to work and performing work in violation of the FLSA. Plaintiffs also were not provided with the tips paid to Defendants on their behalf. Defendants also illegally conducted a tip pool without providing proper notice and permitting managers to share in the tips.

23. At all times relevant to this action, due to Defendants' FLSA violations, Plaintiffs and other Class Plaintiffs are entitled to recover from Defendants their unpaid wages, an additional equal amount as liquidated damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. §216(b).

## MATERIAL FACTS

24. Plaintiff Ramon Luna ("Luna") was hired by Defendants in or around 2013 as a cleaner.

25. Throughout Plaintiff Luna's employment, his work product was excellent.

26. Plaintiff Luna was scheduled to work two (2) shifts a week from the start of his employment until 2017 and then three (3) shifts each week from 2017 until the end of his employment.

27. Each shift was scheduled to be from 8:00pm to 4:00am but sometimes extended before and after.

28. Plaintiff Luna worked between sixteen (16) and twenty-four (24) hours each week but was only paid $70.00 per night until 2019 when he was paid $80 per night.

29. His duties were to have the whole restaurant and lounge area clean and restocking as materials ran out throughout the night.

30. Throughout the years worked his schedule never changed but his work tasks grew as the place became more crowded.

31. As a result he was paid less than the minimum wage and has been damaged.

32. Plaintiff Olga Hernandez ("Olga") was hired by Defendants in or around the year of 2018 as a bathroom concierge for female restrooms.

33. Throughout Plaintiff Olga's employment, her work product was excellent.

34. Plaintiff Olga was in charge of cleaning the female bathroom, keeping it stocked and interacting with guests.

35. Plaintiff Olga was scheduled to work three (3) shifts each week.

36. Each shift was scheduled to be eight (8) hours for a day shift, she worked from 8:00pm to 4:00am.

37. Plaintiff Olga worked on average twenty-four (24) hours each week but was only paid $80.00 per night.

38. As a result he was paid less than the minimum wage and has been damaged.

39. Plaintiff Javiel Hernandez ("Javiel") was hired by Defendants in or around the year 2013 as a bus boy.

40. Throughout Plaintiff Javiel's employment, his work product was excellent. His work tasks were to clean tables and help the servers.

41. Plaintiff Javiel was scheduled to work three (3) shifts each week.

42. Each shift was scheduled to be nine (9) hours for a day shift.

43. Plaintiff Javiel worked on average twenty-seven (27) each week but was only paid $70.00 each shift through 2016, $80.00 each shift in 2017, and $90.00 each shift until the end of his employment.

44. As a result he was paid less than the minimum wage and has been damaged.

45. Plaintiff Ernesto Rodriguez ("Ernesto") was hired by Defendants in or around the year of 2016 as a server.

46. Throughout Plaintiff Ernesto's employment, his work product was excellent.

47. Although Ernesto was a server, Defendants would make him wash over 200+ dishes before his shifts and perform additional work with no additional pay.

48. Plaintiff Ernesto was scheduled to work three (3) shifts each week. His pay was $50.00 a night until 2018 when he was paid $70.00 per shift.

49. Each shift was scheduled to be ten (10) hours.

50. Plaintiff Ernesto worked on average thirty (30) hours but was not paid the minimum wage for every hour worked.

51. As a result he was paid less than the minimum wage and has been damaged.

52. Plaintiff Dionicio Rodriguez ("Dionicio") was hired by Defendants in or around the year 2010 as a male bathroom concierge.

53. Plaintiff Dionico was in charge of cleaning the men's bathroom and keeping it stocked.

54. Plaintiff Dionicio was scheduled to work three (3) shifts each week.

55. Each shift was scheduled to be eight and a half (8.5) hours for a day shift. Dionicio worked on average twenty-five and a half (25.5) hours each week but was only paid $60.00 per night until 2018, $80.00 per night in 2018, and $90.00 in 2019.

56. As a result he was paid less than the minimum wage and has been damaged.

57. Plaintiff Santa Carolina Acosta ("Acosta") was hired by Defendants in or around 2014 as a

6

server.

58. Throughout Plaintiff Acosta's employment, her work was excellent. She even promoted the business for free on all her social media platforms. Defendants said this was her obligation.

59. Plaintiff Acosta worked on average thirty-two (32) to thirty-six (36) hours each week but was only paid $50.00 per night until 2019 when her pay was raised to $70.00 per shift.

60. She worked three shifts each week.

61. Although, Plaintiff Acosta was a waitress, she had to clean and organize all of the restaurants tables and recycle the garbage, tasks waitresses were not supposed to do with no additional pay.

62. As a result she was paid less than the minimum wage and has been damaged.

63. Plaintiff Maria Vasquez ("Vasquez") was hired by defendants in or around the year 2015 as a waitress.

64. Plaintiff Vasquez's work product was excellent. She even promoted the business for free on all her social media platforms. Defendants said this was her obligation.

65. Although, Plaintiff Vasquez was a waitress, she had to clean and organize all of the restaurants tables and recycle the garbage, tasks waitresses were not supposed to do with no additional pay.

66. Plaintiff had three shifts a week, Fridays and Saturdays from 6:00pm to 4:00am and Sundays from 4:00pm to 4:00am. She was paid $50 per night.

67. Plaintiff Vasquez received a raise in 2019 to $70.00 per night.

68. During 2018 there was a few months that Defendants demanded the Plaintiffs work four (4) days a week Thursday through Sunday but was only paying them for three (3) days.

69. Defendant Santiago Quezada managed all workers and determined the schedules.

70. He told all Plaintiffs that they would be only getting paid $50.00-$80.00 per shift.

71. Defendants never kept track of how many hours Plaintiffs worked.

72. Defendants never paid an hourly rate to the Plaintiffs, opting instead to pay a per-shift amount which was less than the minimum wage.

73. Defendants never provided pay stubs or a pay notice to Plaintiffs.

74. Plaintiffs were all terminated on November 24, 2019 without prior notice or warning.

75. Defendants' violation of the FLSA and NYLL were done willingly and with full understanding that this policy violated the law.

76. Defendants are and were employers under the FLSA and NYLL as they control the work performed by individuals who suffered under their violation of the law, made the decision to specifically violate the law and have an ownership stake in the company. As such, Defendants are jointly and severally liable for the wage and hour violations detailed herein.

77. Plaintiffs were not provided accurate and truthful wage statements and notices which complied with New York Labor Law § 190 *et seq* during their employment.

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

78. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

79. Defendants willfully employed Class Plaintiffs in the afore-mentioned enterprise and failed to compensate Class Plaintiffs for all hours worked during their employment.

80. Defendants failed to pay any wages for hours worked by Class Plaintiffs as described herein and as is required by the FLSA.

81. Further, the average hourly rate for Plaintiffs was below the minimum wage when considering the numerous hours for which they were not compensated.

82. Defendants also failed to provide the overtime premium rate of one and a half times their regular hourly rate as is required by the FLSA.

83. Defendants operated a tip pool which included management and non-tipped employees in violation of the FLSA.

84. Defendants' failure to comply with the FLSA caused Plaintiffs and Class Plaintiffs to suffer loss of wages and other damages as described and demanded herein.

## AS A SECOND CAUSE OF ACTION
## VIOLATION OF NEW YORK LABOR LAW

85. Class Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

86. Class Plaintiffs were employees of Defendants within the meaning of New York Wage Regulations (NYCRR Labor Section 138 et seq.).

87. Defendants failed to pay Plaintiffs any rate of pay for certain hours when they were required to be at work, ready to work, and actually performing work.

88. Defendants' failure to comply with the New York Labor Law minimum wage protections caused Class Plaintiffs to suffer loss of wages and interest thereon.

89. Defendants' failure to pay proper wages for each hour worked was willful.

90. Defendants also failed to pay overtime pay as is required by the New York Labor Law.

91. Defendants also failed to provide tips paid by clients which were to be delivered to Plaintiffs but were not.

92. Defendants withheld money from the tips from Plaintiffs' pay without legal right or justification.

93. Defendants operated a tip pool which included management and non-tipped employees in violation of the NYLL.

94. On account of such violations, Defendants are liable to Class Plaintiffs for actual, statutory and liquidated damages.

## AS A THIRD CAUSE OF ACTION FOR

**VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)**

95. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

96. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

97. At all times relevant herein, defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiffs are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

98. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiffs are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

**JURY DEMAND**

99. Plaintiffs demand a trial by jury.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants:

A. Certifying a Collective Class for all Class Plaintiffs and permitting notice be sent to all Class Plaintiffs with the option to join;

B. Awarding all wages not paid as required under the FLSA and NYLL, plus liquidated damages under both the NYLL and the FLSA and interest;

C. Declaring that Defendants' policies and procedures violate the FLSA and NYLL;

D. Awarding damages to the Plaintiffs and Class Plaintiffs to otherwise make them whole for any losses suffered as a result of such unlawful employment practices;

E. Awarding Plaintiffs punitive damages;

F. Awarding Plaintiffs attorney's fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
February 21, 2020

**THE ROSE LAW GROUP, PLLC**

Jesse C. Rose (JR-2409)
3109 Newtown Avenue
Suite 309
Astoria, New York 11102
PH: (718) 989-1864
Fax: (917) 831-4595