

299 Broadway 17th Floor
New York, New York 10007
(212) 233-3900
evan@brusteinlaw.com
www.brusteinlaw.com

BY ECF
Honorable Gregory H. Woods
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

May 11, 2020

          Re:    Ramon Luna, et al. v. Santiago Quezada, et al.
                20-CV-1575 (GHW) (KNF)

Your Honor:

      This firm represents Third-Party Defendant Maria J. Pizarro (hereinafter referred to as "Ms. Pizarro" or "Third-Party Defendant") in this action. Pursuant to §2(C) of Your Honor's Individual Practices and Rules, Ms. Pizarro respectfully requests a pre-motion conference for the purpose of discussing Third-Party Defendant's anticipated motion for dismissal pursuant to Federal Rules of Civil Procedure (hereinafter referred to as "F.R.C.P.") Rule 12(b)(6) based upon the lack of merit to the claims of Third-Party Plaintiffs Santiago Quezada (hereinafter referred to as "Mr. Quezada") and Euros El Tina Restaurant Lounge and Billiards Corp. d/b/a El Tina Lounge (hereinafter referred to as "El Tina") (hereinafter referred to collectively as "Third-Party Plaintiffs") against Ms. Pizarro.

      By way of background, Plaintiffs filed this 29 U.S.C. §201 action on February 21, 2020 alleging, *inter alia,* federal claims of failure to pay wages due in violation of the Fair Labor Standards Act as well as state law claims for violating the New York State Labor Law, Articles 6 & 19 against Mr. Quezada and El Tina as their employers. On March 11, 2020, Ms. Pizarro filed a complaint of hostile work environment, sexual harassment, and gender discrimination against Mr. Quezada and El Tina with the Equal Employment Opportunity Commission (hereinafter referred to as "EEOC"). On April 18, 2020, Third-Party Plaintiffs answered the Complaint and filed a Third-Party Complaint against Ms. Pizarro alleging only two claims: (1) contribution and (2) indemnification.

      The Second Circuit has long held that "[t]here is no right of contribution or indemnification for employers found liable under the FLSA." *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999), *holding modified by Zheng v. Liberty Apparel Co. Inc.,* 355 F.3d 61 (2d Cir. 2003). "District courts, however, have expanded the Circuit's reasoning in Herman, holding that the NYLL, which is similar to the FLSA, also cannot support contribution or indemnification claims." *Araujo v. Macaire*, 16-CV-9934 (PAE) (KNF), 2020 WL 1816189, at *8 (Apr. 10, 2020 S.D.N.Y.) "Such claims are barred as contrary to the statutory intent of both

the FLSA and the New York Labor Law." <u>Flores v. Mamma Lombardis of Holbrook, Inc.</u>, 942 F. Supp. 2d 274, 278 (E.D.N.Y. 2013). The law is clear that employers are barred from bringing claims for contribution or indemnification under the Fair Labor Standards Act and the New York Labor Law, and accordingly, Third-Party Defendant respectfully submits that the Third-Party Complaint must be dismissed.

F.R.C.P. Rule 11 states that by filing a pleading with the court, an attorney certifies that "(1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims … are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." F.R.C.P. Rule 11. Not only is the law clear that the contribution and indemnification claims are meritless, but they are also retaliation against Ms. Pizarro for the complaint she filed with the EEOC against Mr. Quezada and El Tina, and accordingly, the Third-Party Complaint should be dismissed.

In light of the foregoing, Third-Party Defendant Maria J. Pizarro respectfully requests that the Court schedule a pre-motion conference to discuss her anticipated motion.

Thank you for your consideration in this matter.

                                                                           Respectfully Submitted,

                                                                                   /s/

                                                                           Evan Brustein

cc:     <u>BY ECF:</u>
        All parties